UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMUNITY RECOVERY FOUNDATION,
INC. DBA HELP USA; and RASHAWN ERIC
HALL,

Plaintiffs,

-against-

CLARKE THOMAS MEN'S SHELTER; BRC:
PARKVIEW MEN'S SHELTER; and NEW
YORK CITY DEPARTMENT OF HOMELESS
SERVICES,

Defendants.

23-CV-6965 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Rashawn Eric Hall, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. He alleges that Defendants, the New York City Department of Homeless Services ("DHS") and the Clarke Thomas Men's Shelter ("Clarke Shelter") on Ward's Island, violated his rights during his landlord tenant proceedings in the Housing/Civil Court of the City of New York, New York County ("Housing Court"). Hall brings this action on behalf of himself and the Community Recovery Foundation Inc, d/b/a HELP USA.

By order dated August 11, 2023, the Court granted Hall's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint for failure to state a claim, with 30 days' leave to amend.

STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Taking all of these standards together, courts liberally construe pleadings prepared by *pro se* litigants and hold them "'to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## BACKGROUND

Hall brings this action against DHS and Clarke Shelter, located at 121 Hell Gate Circle on Ward's Island. Hall also names as a Defendant, Parkview Men's Shelter ("Parkview Shelter"). The Court understands the complaint as asserting a claim regarding Hall's eviction from Clarke Shelter, and DHS's decision to transfer him to Parkview Shelter. The following facts are drawn from the complaint.

From January 16, 2021, to the present, at Hall's residence at the Clarke Shelter, the events giving rise to Plaintiff's claims occurred. Hall states:

It is the Plaintiff's position that pertaining to LT-10094-23/NY, the VERIFIED Order to Show Cause, the Defendants failed to show cause justifying the illegal

lockout and illegal eviction of Rashawn Hall, the Managing Agent, and the HELP
USA Program from the real property, 121 Hell Gate Circle[.][1]

(ECF 1, at 5.) Hall contends that he possesses "valid and legal paperwork to prove the property

located at 121 Hell Circle . . . is his living space and operates a registered business at same

location[.]" (*Id.*) He queries, "how does 'Clark Thomas Men's Shelter' have standing and

authority to remove any person from the property?" (*Id.*) As for the proceedings in Housing

Court, Hall contends that "[t]he only entered evidence the Respondents have is a fraudulent deed

. . . and a fraudulent contact . . . ." (*Id.* at 6.)

In the injury section of Hall's complaint, he states, "The Staff at 'Clarke Thomas Men's

Shelter' called 9-1-1 to have the Managing Agent and Plaintiff . . . sent to the hospital on

October 4, 2022 and November 1, 2022 for psychological evaluation." (*Id.*) In the relief section

of the complaint, Hall states, "Warrants of Eviction issued against" Clark Shelter and Parkview

Shelter, and seeks money damages in the amount of "$250 Trillion." (*Id.*)

Hall attaches to the complaint his May 18, 2023 order to show cause, filed in Housing

Court, and a May 24, 2002 DHS notice, indicating that DHS intended to ask Hall to transfer to

Parkview Shelter from Clark Shelter, on October 19, 2022. (ECF 1-6; ECF 1-5.)

## DISCUSSION

### A.    Proceeding *Pro Se* on Behalf of a Corporation

As a nonlawyer, Hall can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex*

*rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not

licensed as an attorney may not appear on another person's behalf in the other's cause.")

(internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d

---

[1] The Court quotes verbatim from the complaint. All spelling, grammar, punctuation, and
capitalization are as in the original, unless otherwise noted.

1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). Corporations, nonprofit organization, and other artificial entities cannot proceed *pro se*. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney") (citations omitted); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").

Any claims brought on behalf of Community Recovery Foundation ("CFR") d/b/a HELP USA are dismissed without prejudice to CFR retaining counsel and filing its own action.

**B.     Department of Homeless Services**

Hall's claims against the DHS must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). In light of Plaintiff's *pro se* status and clear intention of bringing this action against the City of New York, the Court construes the complaint as naming the City of New York as a defendant.

C.      **Municipal Liability**

Hall essentially argues that he possesses a property right to his placement at the Clarke Shelter, and DHS denied him due process when transferring him to the Parkview Shelter. The Court therefore construes the complaint as arising under 42 U.S.C. § 1983 and asserting a Fourteenth Amendment due process claim against the City of New York.

In a suit under Section 1983 brought to enforce procedural due process rights, "a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted). The threshold question for a due process claim "'is always whether the plaintiff has a property or liberty interest protected by the Constitution.'" *Perry v. McDonald*, 280 F.3d 159, 173 (2d Cir. 2001) (quoting *Narumanchi v. Bd. of Trs. of the Conn. State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988)).

Here, there is no property right under New York law to placement in a particular type of shelter. *See Jenkins v. New York City Dep't of Homeless Servs.*, 643 F. Supp. 2d 507, 512 (S.D.N.Y. 2009) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Although individuals possess "a general right to shelter in New York, rooted in the state's constitution, . . . the right to shelter is not a 'boundless . . . entitlement' and may be subject to eligibility requirements and other limitations." *Id.* (citing *Callahan v. Carey*, 762 N.Y.S.2d 349, 351 (1st Dept. 2003)). Under New York law, individuals without housing "do not have the right to choose their own temporary placements," and "broad discretion is given to local authorities in assigning" an individual to a particular shelter, *id*. Thus, where an individual, who is assigned to a particular shelter through the established rules and procedures of the DHS, disagrees with that assignment, he is not deprived of any property protected under New York law.

Hall disagrees with his shelter assignment and has challenged that decision in Housing

Court. He does not allege anything more than his disagreement with DHS's transfer decision. As

DHS has "broad discretion" in its shelter assignments, its exercise of that discretion does not

violate Hall's constitutional rights. Hall therefore fails to state a due process claim against the

City of New York, and the Court dismisses this claim for failure to state a claim on which relief

may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Private Parties**

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured

by the Constitution or laws of the United States was violated, and (2) the right was violated by a

person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-

49 (1988). "Because the United States Constitution regulates only the Government, not private

parties, a litigant claiming that his constitutional rights have been violated must first establish

that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396

F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties are

generally not state actors, and are therefore not usually liable under Section 1983. *Sykes v. Bank

of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch.

Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d

307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not

private parties . . . .") (internal quotation marks and citation omitted).

A private party's actions can be considered state action in three situations: (1) the private

party acts using the coercive power of the state or is controlled by the state (the "compulsion

test"); (2) the private party willfully participates in joint activity with the state or its functions are

entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has

delegated a public function to the private party (the "public function" test). *See Fabrikant v.*

*French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted). The fundamental question under each test is whether the private party's challenged actions are "fairly attributable" to the state. *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

"[T]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors." *Ortega v. Samaritan Village Myrtle Ave. Men's Shelter*, No. 18-CV-5995, 2020 WL 1043305, *4 (E.D.N.Y. Mar. 4, 2020) (internal quotation marks and citation omitted); *see also Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624, 2009 WL 35074, at * (E.D.N.Y. Jan. 6, 2009) (corrected Jan. 14. 2009) ("The Salvation Army is a private organization, and its staff members are not 'state actors.' . . . . [The plaintiff] cannot show that the shelter or the organization [is] performing a public function sufficient to turn the shelter or its employees into state actors for purposes of § 1983 liability.").

Hall names the Clarke and Parkview Shelters as Defendants. These shelters, however, are operated by private organizations, and Hall does not allege any facts suggesting that the shelters acted under color of state law.[2] Even assuming that the City of New York contracted with these shelters to provide housing, any such contract "does not turn [the shelters] or its employees into state actors." *Ortega*, 2020 WL 1043305, *4. The Court therefore dismisses Hall's claims under Section 1983 against the Clarke and Parkview Shelters for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

---

[2] Hall alleges that the Clarke Shelter is operated by Help USA (*see* ECF 1-4) and the Parkview Shelter is operated by Bowery Residence Committee (*see* ECF 1, at 1).

E.      **Anti-Injunction Act**

The complaint suggests that Hall seeks this Court's intervention in his Housing Court litigation and specifically an order addressing his eviction from the Clarke Shelter. The complaint does not specify whether Hall's Housing Court proceedings are pending. If they are pending, this Court cannot intervene in those proceedings because such relief is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283. This Act provides broadly that "[a] court of the United States may not grant an injunction to stay proceedings in a State court." *Id.* A federal court may intervene in a state court proceeding in only three circumstances: if Congress expressly authorizes such intervention, if a court deems it "necessary in aid of its jurisdiction," or where a court seeks "to protect or effectuate its judgments." *Id.* Thus, "any injunction against state court proceedings otherwise proper . . . must be based on one of the specific statutory exceptions [in the Act] if it is to be upheld." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). State court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately" the Supreme Court of the United States. *Id.* The Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend. Corp.*, 433 U.S. 623, 630 (1977).

Hall has alleged nothing to suggest that one of the exceptions to the Act's prohibition against federal court intervention into state court proceedings applies or allows such relief. Rather, Hall seeks federal court intervention in his Housing Court matter regarding his eviction

from the Clarke Shelter. As this relief is prohibited under the Anti-Injunction Act, the Court

denies Hall's request for injunctive relief regarding his eviction.[3]

## F.     Leave to Amend

Hall proceeds in this matter without the benefit of an attorney. District courts generally

should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects,

unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011);

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned

that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at

least once when a liberal reading of the complaint gives any indication that a valid claim might

be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed.

Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Hall may be able to allege additional

facts to state a valid claim against the City of New York regarding his housing, the Court grants

Hall 30 days' leave to amend his complaint to detail his claims.

Hall may consider contacting the New York Legal Assistance Group's ("NYLAG")

Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic

---

[3] If Hall's Housing Court matter is closed, and Hall seeks to challenge an unfavorable
decision rendered in Housing Court, such a challenge is likely barred under the *Rooker-Feldman*
doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263
U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462,
482-86 (1983) – precludes federal district courts from reviewing final judgments of the state
courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that
federal district courts are barred from deciding cases "brought by state-court losers complaining
of injuries caused by state-court judgments rendered before the district court proceedings
commenced and inviting district court review and rejection of those judgments."). The *Rooker-
Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains
of injuries caused by the state-court judgment, (3) invites the district court to review and reject
the state-court judgment, and (4) commenced the district court proceedings after the state-court
judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d
Cir. 2014).

staffed by attorneys and paralegals to assist those who are representing themselves in civil

lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the

court. It cannot accept filings on behalf of the court, which must still be made by any *pro se*

party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to

this order.

## CONCLUSION

Hall's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court denies Hall's motion for summary judgment (ECF 13) because the action is

dismissed. To the extent Hall seeks injunctive relief (*see* ECF 9), such relief is denied. The Court

also denies Plaintiff's motion seeking to compel Defendants to produce documents (ECF 21) as

moot. The Clerk of Court is directed to terminate any additional motions in this action.

A copy of NYLAG's flyer with details of its clinic is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 11, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

a beneficiary of
